UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>FRIENDSHIP PLACE, *et al.*,<br><br>　　　Defendants. | Civil Action No. 25-727 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Doe brings this *pro se* lawsuit against Friendship Place, an organization that provides housing services and support, and various of its employees. See ECF No. 1 (Compl.), ¶¶ 1–4, 7–9. She describes herself as a disabled veteran and claims that Defendants violated federal disability and housing laws when they improperly denied her assistance and retaliated against her for "advocating for her rights" under those laws. Id., ¶¶ 3–4, 21–24. She now moves to Proceed Under Pseudonym and to Proceed Partially Under Seal. See ECF No. 10-1 (Corrected Mot.); see also ECF No. 11 (Redacted Corrected Mot.). The Court will largely grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

## I. Legal Standard

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). Because Plaintiff seeks to proceed both pseudonymously and under partial seal, the Court will analyze the two requests in turn.

### A. Pseudonymity

The identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,

2

>[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

    B.    <u>Sealing</u>

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

>(1) the need for public access to the documents at issue;
>
>(2) the extent of previous public access to the documents;
>
>(3) the fact that someone has objected to disclosure, and the identity of that person;
>
>(4) the strength of any property and privacy interests asserted;
>
>(5) the possibility of prejudice to those opposing disclosure; and
>
>(6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

**II.**    **Analysis**

    A.    <u>Pseudonymity</u>

At least at this early stage, Plaintiff has met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity.

First, Plaintiff alleges that she seeks to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but rather to "preserve privacy in a

matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quotation marks omitted) (alteration in original). She claims to have suffered trauma and to now experience various psychological and medical problems. See Corrected Mot. at ECF pp. 1–3, 5; Redacted Corrected Mot. at ECF p. 1. Such medical details are "paradigmatically sensitive and highly personal." Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) (cleaned up); see In re Sealed Case, 971 F.3d at 327. Her initial pleadings, moreover, indicate that the lawsuit will require discussion of that information, as she challenges Defendants' denial of care relating to her medical conditions. See Corrected Mot. at ECF p. 2. This factor thus weighs in favor of granting the Motion.

By contrast, the second factor —the "risk of retaliatory physical or mental harm," In re Sealed Case, 971 F.3d at 326 (quotation marks omitted) — does not favor proceeding under a pseudonym. Disclosure would result in retaliatory "psychological harm," she asserts, because she "has already been retaliated against by Friendship Place" and other providers. See Corrected Mot. at ECF p. 2. Specifically, she says, Defendants retaliated against her through the "denial of ongoing rental assistance and healthcare. The final month of her housing coverage is due now, and despite knowing Plaintiff's medical fragility, Friendship Place has refused to act." Id. That allegation does not tip the second factor in favor of pseudonymity. For one, the contention (offered for purposes of factor two) that Defendants will retaliate against her for filing this suit is hard to square with the position she later takes (for purposes of factor five) that she is willing to share her identity with Defendants. See infra p. 6.

In any event, even accepting her claims as true, she does not allege facts sufficient to conclude that her past denial of care was the result of retaliation. Cf. Jones v. Horne, 634 F.3d 588, 596 (D.C. Cir. 2011) (pro se complaint "must plead factual matter that permits the court to

4

infer more than the mere possibility of misconduct") (quotation marks omitted). In fact, her Motion in many places indicates otherwise. In discussing this factor, she states that Friendship Place previously cited the Department of Veterans Affairs's rules as the basis for denying her request for assistance; while she disputes the organization's legal position, she does not allege that its explanation was a pretextual cover for retaliation. See Corrected Mot. at ECF p. 2. Elsewhere she alleges that Defendants have acted wrongly, but does not explain how such conduct is retaliatory rather than just procedurally or substantively improper. See id. at ECF pp. 5–6. Her Complaint likewise repeats the top-line accusation that she was subject to retaliation but it provides no examples. For instance, she alleges that she filed a formal complaint after an initial "outright" denial, but rather than identify an instance of retaliation in response to that administrative complaint, she attributes her "arbitrary" treatment to her race. See Compl., ¶¶ 11–13. In short, then, the mere fact that the most recent denial came at a time when Defendants allegedly knew of her precarious situation is insufficient to infer retaliatory motive. This factor therefore counsels in favor of disclosure.

 So too does the third factor. Although she claims to be "particularly vulnerable," Corrected Mot. at ECF p. 2, she is not a minor and does not allege that disclosure of her identity would affect the safety or welfare of any minor. See In re Sealed Case, 971 F.3d at 326.

 The fourth factor also cuts against pseudonymity. Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (cleaned up). Plaintiff asserts that Friendship Place should be considered "quasi-governmental" because it is a "VA-funded provider" and "manag[es] federal funds, administer[s] public

housing, and coordinat[es] with" the Department of Housing and Urban Development. See Corrected Mot. at ECF p. 3. But the Court takes judicial notice that Friendship Place is a 501(c)(3) non-profit organization, see Certificate of Tax Exemption, Friendship Place (Dec. 5, 2019), https://perma.cc/39Q3-DH4C, and Plaintiff identifies no legal basis for considering a private philanthropic entity as governmental (or even quasi-governmental) because it receives federal funding or helps administer federal programs.

The fifth and final factor, however, supports Plaintiff's Motion. This factor is "not implicated" if the defendant knows the plaintiff's identity, In re Sealed Case, 971 F.3d at 326 n.1, and, as previously noted, Plaintiff is willing to provide her name under seal. See Corrected Mot. at ECF p. 3. Upon her filing of the pseudonymous Complaint, Defendants will remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiff will remain free to object.

In sum, although the second, third, and fourth factors cut in the other direction, the fifth and, especially, the first factor support pseudonymity sufficiently to merit granting the Motion. The Court reaches that conclusion based on the allegations in her Complaint and Motion, even though "[d]iscovery may well render [her] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023).

      B.     Sealing

Plaintiff does not seek to seal the entire suit; instead, she asks to seal only "personally identifying, medical, or trauma-related information, with redacted versions available for the public record." Corrected Mot. at ECF p. 1. On that narrow request, she has met her burden to overcome the presumption in favor of public access. The Court will address each Hubbard factor in turn.

The first factor — "the need for public access to the documents at issue," Hubbard, 650 F.2d at 317 — supports her request to seal personally identifying information (PII) as well as details of her medical conditions and past trauma. The public has no need to access those sensitive details. See Hardaway, 843 F.3d at 980; Abdelhady v. George Wash. Univ., 2024 WL 2888768, at *1 (D.D.C. May 7, 2024); Jones v. U.S. Dep't of Def., 2022 WL 20287957, at *2 (D.D.C. June 1, 2022). Such information can be redacted, moreover, "without unduly impinging on the public interest in understanding the allegations made." Richardson v. Dep't of the Navy, No. 24-2059, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Aug. 15, 2024). The same cannot be said, however, for details of her alleged mistreatment that are not related to her medical or psychological conditions — for instance, she alleges that she was also denied services based on account of her race. See Compl., ¶ 13.

The second factor is neutral. Plaintiff acknowledges that her "trauma and health records were previously released in other forums," but "she is actively working to have those records sealed." Corrected Mot. at ECF p. 3. The Court thus concludes that any prior (and apparently inadvertent) public access to the information does not favor further disclosure. See Hubbard, 650 F.2d at 318 (previous access can be "relevant" if materials were "formerly properly accessible . . . through legitimate public channels"); United States ex rel. Grover v. Related Cos., LP, 4 F. Supp. 3d 21, 26 (D.D.C. 2013) (when no public access, factor is neutral).

The third factor meanwhile supports her request. On this factor, "the fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). Plaintiff has so moved and, as is typical when the case it at the threshold, no objection has yet been lodged to the Motion.

The fourth factor also bolsters her request. This factor considers the "strength of any property [or] privacy interests asserted." Nat'l Children's Ctr., 98 F.3d at 1409. "The D.C. Circuit has narrowly construed the privacy interests that would justify sealing," finding it appropriate only when disclosure "would 'reveal the intimate details of individual lives, sexual or otherwise' — a higher standard than mere embarrassment." Gilliard v. McWilliams, 2019 WL 3304707, at *4 (D.D.C. July 23, 2019) (quoting Hubbard, 650 F.2d at 324). The medical and trauma-related information she seeks to seal, see, e.g., Corrected Mot. at ECF p. 4 (listing sensitive specifics), comprise the kind of "highly personal information" that clears that bar. See, e.g., Abdelhady, 2024 WL 2888768, at *2 (quotation marks omitted).

The fifth Hubbard factor counts against sealing. Plaintiff contends that neither Defendants nor the public will be prejudiced by sealing, see Corrected Mot. at ECF p. 4, but that is not the relevant inquiry. It is instead whether she would be legally prejudiced by disclosure of the information she seeks to seal. See Grover, 4 F. Supp. 3d at 28. The Court cannot see how that would be the case.

The sixth factor — "the purposes for which the documents were introduced," Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22) — weighs against sealing. Disclosure is favored when a "part[y] explicitly intended the Court to rely on [the sealed] materials in adjudicating [her] dispute." Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (second alteration in original) (quotation marks omitted). Such is the case here. She concedes that the "sealed material . . . is essential to [her] standing and context," but contends that it is not relevant to "resolving dispositive legal issues." Corrected Mot. at ECF p. 4. Not only is standing and factual context critical to any case, but the details of her medical and

8

psychological conditions appear central to her core claim that Defendants violated federal law by discriminating against her based on her disability. See Compl., ¶¶ 21–23.

In sum, although the final factor supports disclosure, the first and fourth factors strongly support her narrow sealing request. On that note, allow the Court to clarify just how narrow such sealing must be. As noted, her Motion seeks to seal not entire documents, but instead to redact "personally identifying, medical, or trauma-related information" from documents that will be available on the public document. See Corrected Mot. at ECF p. 1. The Court grants the Motion as to that information — but only that information. Elsewhere in her Motion, she seemingly expands her request to encompass more. At one point, she lists the sealed information as not just PII and her "medical background," but also the "retaliation timeline." Id. at ECF p. 4. The latter is not to be sealed, nor, as noted, are details related to her race. In addition, where redactions are appropriate, they must narrowly target only the sensitive information. As an illustration, in the first paragraph under "Introduction" in her Motion, only the specifics as to her conditions should be redacted: "Plaintiff is a female disabled veteran who has suffered [redacted]." Id. at ECF p. 1. Similarly, other than her name, nothing in this sentence of her Complaint need be redacted: "Plaintiff [Jane Doe] is a combat veteran of the U.S. military, a recipient of VA service-connected disability benefits, and the primary caregiver to her disabled spouse and minor children." Compl., ¶ 7.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [10] Corrected Motion to Proceed Under Pseudonym and to Seal is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's [8] Motion for Extension of Time is DENIED as moot;

3. All parties shall use the pseudonym Jane Doe in all documents filed in this action; and

4. Within five days of this Order, Plaintiff shall file on the public docket:

    a. A declaration containing her real name and residential address, filed under seal;

    b. A redacted version of her [1] Complaint; and

    c. A redacted version of her [10] Corrected Motion, redacting isolated words rather than rewriting the document as she has done with her [11] Redacted Motion, which is STRICKEN.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: April 22, 2025