UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JANE DOE,

Plaintiff,

v.

FRIENDSHIP PLACE, et al.,

Defendants.

Civil Action No. 1:25-cv-00727-UNA

## MEMORANDUM OF LAW IN SUPPORT OF PUBLIC-FACING CIVIL RIGHTS COMPLAINT

Plaintiff Jane Doe respectfully submits this memorandum of law in support of her complaint alleging ongoing civil rights violations by federally funded nonprofit actors and government officials under the Fair Housing Act, Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the United States Constitution.

### I. JURISDICTION AND VENUE

This Court has jurisdiction under:

- 28 U.S.C. § 1331 (federal question jurisdiction),
- 28 U.S.C. § 1343(a)(3) (civil rights enforcement), and
- 28 U.S.C. § 2201 (declaratory relief).

Venue is proper under 28 U.S.C. § 1391(b) because the events at issue occurred within the District of Columbia and involve Defendants headquartered or operating in this jurisdiction, including Friendship Place, whose Veterans First program operates across D.C. and Virginia.



**RECEIVED**

MAY  8  2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## II. PARALLEL LITIGATION AND PRESERVATION OF CLAIMS

Plaintiff has related filings pending or recently filed in:

- United States District Court for the Eastern District of Virginia,
- United States Court of Appeals for the Fourth Circuit (Case No. 25-1343),
- D.C. Superior Court (Case No. 2025-CAB-000139) (voluntarily dismissed for federal consolidation), and
- Emergency Application under Supreme Court Rule 22 (under seal).

These filings contain overlapping facts, sealed declarations, and emergency requests tied to the same retaliation, housing denial, trauma exposure, and disability-based discrimination. Plaintiff expressly incorporates those records by reference and submits copies as exhibits to preserve judicial economy and constitutional continuity.

## III. FEDERAL LIABILITY AND NONPROFIT ACCOUNTABILITY

Friendship Place receives federal funds under the Supportive Services for Veteran Families program. When a grantee receives federal financial assistance, they are bound by Section 504 of the Rehabilitation Act (29 U.S.C. § 794) and Title II of the Americans with Disabilities Act. The Department of Veterans Affairs is equally bound to oversee and ensure compliance.

Federal law prohibits:

- Retaliation for protected activity (42 U.S.C. § 3617),
- Public exposure of disability records without consent,
- Denial of accommodations to persons with documented trauma and disability,
- Disparate treatment based on race, disability, or family status.

## IV. CONSTITUTIONAL VIOLATIONS AND ESCALATING HARM

Defendants' conduct has resulted in:

- Denial of access to courts and emergency relief,
- Use of sealed trauma filings against Plaintiff,
- Retaliatory service denial during active litigation,
- Ongoing threats to health, safety, and housing of Plaintiff's disabled spouse and minor children.

This constitutes live and justiciable harm under Article III. See City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Knox v. SEIU, 567 U.S. 298 (2012).

Plaintiff respectfully asserts that the harm has escalated due to the lack of accountability. Defendants continue to operate and fundraise as if no wrongdoing has occurred, while Plaintiff suffers ongoing trauma, loss of services, and risk of displacement.

---

## V. CONCLUSION

Plaintiff has stated a live constitutional controversy under federal law. She requests that the Court take jurisdiction, accept attached filings by reference, and move swiftly to protect Plaintiff's rights and health.

Respectfully submitted,

Jane Doe

Plaintiff, pro se          2025 MAY 8